IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA LYN CLIFFORD,)
)
        Plaintiff,)
)
 -vs-) Civil Action No. 18-37
)
NANCY A. BERRYHILL,[1])
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging she had been disabled since September 19, 2014. (ECF No. 7-6, pp. 5, 12). Administrative Law Judge ("ALJ"), Monica D. Jackson, held a hearing on February 13, 2017. (ECF No. 7-6, p. 26-59). On March 17, 2017, the ALJ issued an unfavorable decision. (ECF No. 7-2, pp. 12-21).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Step 2 - Severe Impairment

Plaintiff first argues that the ALJ failed to properly analyze medical evidence under Step 2. (ECF No. 12, pp. 7-9). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff's migraine headaches are a severe impairment (ECF No. 7-2, p. 15). In so doing, the ALJ considered other impairments and found them to be non-severe. (ECF No. 5-2, pp. 15-16). The ALJ then proceeded to the next steps. (ECF No. 7-2, pp. 16-21). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, the ALJ acknowledged that in making the RFC determination he considered all symptoms. (ECF No. 7-2, p. 17). The ALJ then proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 7-2, pp. 17-20). In particular, the ALJ considered Dr. Savit's treatment records and a medication Plaintiff is taking, Lyrica. (ECF No. 7-2, pp. 18-20). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

**C.     Plaintiff's Allegations**

Plaintiff next argues that the ALJ erred in assessing her allegations. (ECF No. 12, pp. 9-11). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other

4

symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record in this case, I find the ALJ applied the above standard. (ECF No. 7-2, pp. 17-20). The ALJ considered Plaintiff's allegations in connection with all of the other evidence of record. *Id.* For example, the ALJ considered, *inter alia,* the types and frequency of treatment sought by Plaintiff, her activities of daily living and the measures used to relieve Plaintiff's pain. *Id.* I find nothing improper in the ALJ's assessment of Plaintiff's allegation and that this finding is supported by substantial evidence.[2] Consequently, I find no merit to this assertion.

### D. Step 3 – Listings

Plaintiff argues that the ALJ erred at step three of the evaluation in determining that Plaintiff did not meet an impairment in the Listings. (ECF No. 12, pp. 11-12). As Plaintiff points out, there is no specific listed impairment for migraine headaches in the Listing of Impairments. (ECF No. 12, p. 11). To that end, Plaintiff argues that the ALJ failed to provide any substantive analysis regarding Listing 11.02 (Epilepsy) to determine whether Plaintiff actually met or equaled the Listing. *Id.* As a result, the Plaintiff essentially argues that there is insufficient discussion

---

[2] I note simply because a plaintiff has an impairment or a diagnosis, that does not equate to a disability. A diagnosis alone does not establish disabling limitations. *Foley v. Comm'er of Soc. Sec.,* 349 F.App'x 805, 808 (3d Cir. 2009). Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).

for this court to make a meaningful review and the case should be remanded for full finding by the Administrative Law Judge with regard to this issue. *Id.*

Here, the ALJ considered Listings under, *inter alia,* 11.00. To that end, the ALJ specifically stated:

> The undersigned has considered the claimant's impairments under Sections 1.00, 2.00, 7.00, 8.00, and 11.00. However, the claimant's impairments are not accompanied by the objective signs, symptoms, or findings, nor the degree of functional restrictions necessary to meet or equal the foregoing sections of the Listings of Impairments, nor any other section contained in the Listing of Impairments. The specific signs, symptoms, and findings are discussed under the residual functional capacity findings below. Further, the undersigned notes that the state agency medical consultants did not indicate that the claimant met or medically equaled a listed impairment (Exhibit 2A).

(ECF No. 7-2, p. 17). Plaintiff suggests that the analysis was inadequate and that she should have specifically considered and analyzed her case under Listing 11.02D1. (ECF No. 12, p. 12). Listing 11.02, effective at the time of the ALJ's decision, is a listing for epilepsy.[3] Other than to conclude that the evidence shows she meets the criteria under Listing 11.02D1, Plaintiff fails to specifically point out how she meets Listing 11.02D1. *See,* ECF No. 12, p. 12. Consequently, I find Plaintiff's argument to be underdeveloped and wholly inadequate to place the issue before me. Therefore, I find no merit to this argument.

---

[3] Listing 11.02 is titled Epilepsy and requires epilepsy "documented by a detailed description of a typical seizure and characterized by A, B, C, or D:

. . .

D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:

1. Physical functioning (see 11.00G3a)….

Nonetheless, I have reviewed the record and the ALJ's opinion as a whole and, based on the same, I find the ALJ adequately considered and addressed whether Plaintiff met a listing under Listing 11.00, such that I am able to make a meaningful review. *See,* ECF No. 7-2, pp. 16-17. I find that the ALJ's opinion in this regard is supported by substantial evidence. (ECF No. 7-2, pp. 12-21). Thus, I find no merit to this argument.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA LYN CLIFFORD,            )
                                 )
        Plaintiff,              )
                                 )
  -vs-                           )   Civil Action No.  18-37
                                 )
NANCY A. BERRYHILL,[4]           )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
        Defendant.              )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF Nos. 11) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.